IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERMAINE SOUTHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00108-KD-N |
| | ) | |
| HORIZON SHIPBUILDING, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On March 10, 2014, Plaintiff Jermaine Southall ("Southall") filed a hand written, one-page complaint alleging racial employment discrimination under "Title VII of the Civil Rights Act of 1964, as amended" (doc. 1)[1], as well as a motion to proceed without prepayment of fees (doc. 2). An Order was entered on April 2, 2014 (doc. 3), requiring plaintiff to supplement his motion to proceed without prepayment of fees and costs (doc. 2) by no later than April 15, 2014. Plaintiff neither complied with this Court's Order nor sought an extension of time within which to do so. In view of the lack of information to establish entitlement to proceed without prepayment of fees, an Order was entered on April 30, 2014 (doc. 4) denying plaintiff's motion to proceed without prepayment of fees (doc. 2) and requiring that he pay the statutory filing fee of $400.00 for this action by May 13, 2014. Plaintiff was cautioned that "**FAILURE TO TIMELY COMPLY WITH THIS ORDER SHALL RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR WANT OF PROSECUTION AND FAILURE TO COMPLY WITH THE ORDERS OF THIS COURT.**" (Doc. 4, emphasis in

---

[1] "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." Alexander v. Fulton County, Georgia, 207 F. 3d 1303, 1332 (11th Cir. 2000). Plaintiff has failed to indicate that he ever brought his claim to the EEOC before filing this action.

original). Plaintiff has again failed to comply with the Court's Order by paying the required filing fee and has not sought an extension of time within which to do so.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action by paying the required filing fee, the undersigned recommends that, through its inherent powers, this action be dismissed without prejudice. Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Zocarus v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v. Sargent, 313 F.3d 1315, 1331-32 & n. 7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally* Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice).

In the present action, if plaintiff disputes the finding of failure to pay the partial filing fee and wants to proceed with litigation of his action, he shall set forth in an objection to the report and recommendation the reason for his failure comply with the Court's order and to pay the filing fee. Wilson, 414 F.3d at 1320 (*citing* to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served in the manner provided by law on all parties who have appeared. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  19th  day of May, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**